

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| MELVIN ANDERSON,<br>　　　　Petitioner,<br><br>vs.<br><br>D. DREW, Warden FCI Bennettsville,<br>　　　　Respondent. | §<br>§<br>§<br>§　　CIVIL ACTION NO. 8:08-3197-HFF-BHH<br>§<br>§<br>§ |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted, Petitioner's motion for sanctions be denied, and the petition dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 1, 2009, and the Clerk of Court entered Petitioner's objections to the Report on April 27, 2009.

On April 30, 2009, the Court filed an order expressing its concern that it lacked jurisdiction over this action because Respondent, the warden at FCI Bennettsville, is no longer the custodian of Petitioner. The Court gave the parties ten days to file objections as to why this action should not be transferred to the Middle District of Florida, where Petitioner is presently confined. On May 13, 2009, Petitioner filed objections to the transfer. Respondent failed to object, and, pursuant to the terms of this Court's prior order, that failure will be construed as consent to the transfer. After carefully considering Petitioner's objections, the Court remains convinced that it lacks jurisdiction to grant the relief Petitioner seeks. Therefore, this action will be transferred.

The only authority cited by Petitioner in support of his objections to transfer is *United States v. Edwards*, No. 93-7172, 1994 U.S. App. LEXIS 16271(4th Cir. Jun. 29, 1994). In that case, the Petitioner filed a habeas action in South Carolina, but he was later transferred to North Carolina. *Id.* at *2. The district court concluded that it lacked jurisdiction over the warden in North Carolina, which resulted in its dismissal of the case. *Id.* Reversing that decision, in an unpublished and non-binding opinion, a panel of Fourth Circuit Court of Appeals noted,

> [T]he district court erred in finding itself without personal jurisdiction over the Respondent. Edwards was being held in South Carolina at the time he filed this petition. Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction.

*Id.* at *2-3.

Admittedly, given the factual similarities between the present petition and *Edwards*, if *Edwards* controls, the Court should exercise jurisdiction over this case. However, doing so would

2

conflict with the bedrock principle of habeas corpus jurisprudence that the writ acts upon the petitioner's immediate custodian. *See e.g.*, *Ex Parte Endo*, 323 U.S. 283, 306 (1944) ("The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer. It does not reach the former except through the latter.") (citation omitted). Moreover, applying *Edwards* would actually render Petitioner without relief because Respondent lacks the authority to bring forth the body of Petitioner insofar as he no longer has custody over Petitioner.

Before dismissing *Edwards* outright, a brief look into its probable genesis is warranted. The rationale of *Edwards* most likely originated from an interpretation of the Supreme Court's *Ex Parte Endo* decision. *Endo* involved a habeas petition from an American citizen of Japanese ancestry interned at a relocation center during World War II. *Id.* at 284-85. Endo filed her petition for habeas corpus in the Northern District of California, but was transferred to a relocation center in Utah prior to the Court's ruling on her petition. *Id.* at 285. In holding that the California district court retained jurisdiction to issue the writ, the Court held that "the District Court acquired jurisdiction in this case and that the removal of Mitsuye Endo did not cause it to lose jurisdiction *where a person in whose custody she is remains within the district*." *Id.* at 306 (emphasis added). Although it is unclear who the named Respondent(s) in *Endo* was, the Court made clear that officials located in California had the authority to produce Endo and comply with the district court's orders. *Id.* at 304-05.

In this case, in contrast, Respondent lacks the authority to produce Petitioner's body or comply with the Court's orders if the Court were to order "a parole release date within ninety days" as Petitioner seeks. (Pet'r Pet. 1.) In other words, Petitioner is not in the custody of any person who

3

remains within the District of South Carolina. Thus, the *Endo* exception regarding jurisdiction after transfer does not apply here. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("Thus, *Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). The only Respondent in this case was Respondent Drew, and he lacks the authority to effectuate Petitioner's release.

Stated differently, as noted in the Court's April 30, 2009 Order,

> The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. This custodian is "the person with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). As explained by the Supreme Court, the habeas statutory "provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* (emphasis original) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).
> Because Petitioner was incarcerated in this district at the time he filed this action, Warden Drew was the proper Respondent to the petition. Now, however, Petitioner is no longer under the custody and control of Warden Drew at FCI Bennettsville, nor is he in custody in this jurisdiction. Instead, Petitioner is in the custody of the warden at FCI Coleman, which is located in the Middle District of Florida.
> "A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner." *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986); *see also Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495 (1973) ("The whole force of the writ is spent upon the respondent."). Thus, even if the Court were to reject the Magistrate Judge's Report and grant Petitioner's requested relief, the Court would not have personal jurisdiction over the warden at FCI Coleman to enforce its order. For this reason, the Court is of the opinion that it is unable to adjudicate Petitioner's claim.

(Court's April 30, 2009 Order 2-3.)

As noted above, Petitioner is presently in the custody of the warden at FCI Coleman, located in the Middle District of Florida. Because that warden is subject to the jurisdiction of the United States District Court in the Middle District of Florida, the Court finds that transfer to that jurisdiction is appropriate.[*]

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court that this action is hereby **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**IT IS SO ORDERED.**

Signed this 21st day of May, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is notified that he may be able to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*]The Court notes that the warden at FCI Coleman will need to be substituted as the respondent, but will leave that up to Petitioner and the transferee court.